IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AURELLIUS JORDAN; )<br>ULVADA JORDAN )<br>    Plaintiffs )<br> )<br>v. )<br> )<br>SLIDENJOY; )<br>LAURENT WERY; )<br>CASTRO THOMAS; )<br>JEUNEHOMME CHARLEE )<br>    Defendants ) | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Aurellius Jordan and Uvalda Jordan (collectively "the Jordans") hereby assert the following claims for patent infringement against Defendants Slidenjoy ("Slidenjoy"), Laurent Wery, Castro Thomas, and Jeunehomme Charlee (collectively "Slidenjoy"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement under the laws of the United States, 35 U.S.C. §1, *et seq.*

2. Defendant has infringed and continues to infringe, has contributed to and continues to contribute to infringement of, and has induced and continues to induce infringement of one or more claims of Jordan's U.S. Patent Number 7,283.353 ("the '353 patent") at least by

1

offering products for sale, selling products, and importing into the United States, related to SLIDENJOY.

3. The Jordans are the legal owners of the '353 patent, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The Jordans seek injunctive relief and monetary damages.

## THE PARTIES

4. Plaintiffs the Jordans are inventors and product developers working as a partnership with a business address at 500 Westover Drive #7427, Sanford, NC 27330.

5. Plaintiffs have continued to attempt to develop their patent invention, only to be stifled by Defendants infringing product. (Exhibit C).

6. Upon information and belief, Defendant Slidenjoy is a company organized and existing under the laws of the Country of Belgium with its principal place of business at 31 Rue de Moncheret, 6280 Acoz, BELGIUM.

7. Upon information and belief, Defendant Laurent Wery is a co-founder and current officer of the company Slidenjoy, and responsible for willfully and knowingly participating in the sale and importation of the infringing product. Defendant Laurent Wery is a resident of the country of Belgium with an address at Rue Montcheret 31, 6280 Acoz., BELGIUM.

8. Upon information and belief, Defendant Castro Thomas is a co-founder and current officer of the company Slidenjoy, and is responsible for willfully and knowingly participating in the sale and importation of the infringing product. Defendant Castro Thomas is a resident of the country of Belgium with an address at Rue de la Centenaire 80/5, 6224, Wanfercee-Baulet, Belgium.

9. Upon information and belief, Defendant Jeunehomme Charlee is a co-founder and current officer of the company Slidenjoy, and is responsible for willfully and knowingly participating in the offering to sale and sale of the infringing product. Defendant Jeunehomme Charlee is a resident of the country of Belgium, with an address at Rue Roosevelt 33, 6238 Luttre, Belgium.

10. Upon information and belief, Defendant Slidenjoy directly and/or indirectly imports, offers to sell, sells, and/or markets infringing products in the United States to residents of the United States, including to the State of New York and residents of the State of New York.

11. Upon information and belief, Defendants directly solicited funds and/or investments using online platforms based in the State of New York, said solicitation directed to the residents of the United States, including residents in the State of New York.

12. Upon information and belief, Defendants relied upon the online platform, Kickstarter, based in the State of New York, to solicit funds and/or investments from residents of the United States, including residents of the State of New York.

13. Upon information and belief, Defendants' solicitation efforts were directed to the development, offer to sell, and selling, of products that infringed the Jordan patent.

14. Upon information and belief, Defendants have been accepting orders to purchase infringing products from residents of the United States, including residents of the State of New York.

## JURISDICTION AND VENUE

15. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§1, *et seq.*

16. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

17. Defendants are subject to this Court's personal jurisdiction. Defendants have infringed the Jordan patent in the State of New York by, among other things, engaging in infringing conduct directed at or from this District. For example, Slidenjoy solicited funds and investment from the online crowdfunding platform Kickstarter, organized under the laws of the State of New York, whereby Slidenjoy enticed and encouraged pledges by offering units of infringing product to pledgers. The number of units offered to a pledger were based upon the size of the pledge, in effect "selling" infringing product to pledgers. Slidenjoy received funds of over $600,000 from the solicitation.

18. Slidenjoy was required to enter into an agreement with the Kickstarter platform prior to initiation of the solicitation.

19. Slidenjoy has offered to sell the infringing product to consumers in the State of New York.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 at least because, as discussed above, Slidejoy has conducted business in this District, and is subject to personal jurisdiction in this District. Defendants have committed and continue to commit acts of direct and indirect patent infringement complained of herein within this District.

## INVENTORS JORDANS' HISTORY

21.     The Jordans are inventors and product developers.  Most notably, around 2004, the Jordans, through their collective efforts, developed a system that allows a computer system to work with multiple screens.  Aurellius Jordan works professionally in the field of Management and Innovation Consultant.  Uvalda Jordan works professionally in the field of Financial Services Advisor.

22.     The '353 patent, granted by the United States Patent and Trademark Office on October 16, 2007, is entitled SCREEN EXTENDERS.  Aurellius Jordan and Uvalda Jordan are co-inventors of the patented invention.  A true and correct copy of the '353 patent is attached hereto as Exhibit A.

## ACTS GIVING RISE TO THIS ACTION

23.     As early as April 2017, Defendants offered to sell infringing product by way of the website www.yourslide.com, including offering to sell infringing product to residents of the United States (Exhibit B).

24.     Defendants continue to offer to sale and sale infringing product to the United States, primarily through the website www.yourslide.com.

25.     On November 30, 2019, Defendants did cause to be purchased one unit of the infringing product, sold to Mr. Aurellius Jordan.  Defendants further made indications to export the infringing product to the United States on or around January 2020.

26. Upon information and belief, Defendants did cause for the infringing product be exhibited and offered for sale at the Consumer and Electronics Show (CES) held in Las Vegas between 2016 to 2018.

27. Defendants did cause to use the investment platform Kickstarter, based in Brooklyn, New York, to offer to import infringing product into the United States to funders of continued development of the infringing product.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,283,353

28. Plaintiffs incorporate by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

29. Defendants have directly infringed and are currently directly infringing the '353 patent by selling, offering to sell, and/or importing into the United States. without authority, products that practice one or more of the claims of the '353 patent, including the SLIDENJOY product.

30. As set forth below in table 1 is a description of infringement of claim 1 of the '353 patent in connection with SLIDENJOY product.  This description is based on publicly available information.  Plaintiffs reserve the right to modify this description on the basis of information about the SLIDENJOY product it obtains during discovery:

Table 1: Infringement of Claim 1 of the '353 patent

| Claim 1 | Slidenjoy |
|---|---|
| An output panel extension system comprising: | Slidenjoy is focused on providing at least one additional panel to a laptop |
| -a main output panel, said main output panel having at least one edge; | Slidenjoy includes a central panel attached to a laptop, wherein it attaches to one side; |

| | |
|---|---|
| -at least one extension panel, said extension panel comprising means for displaying data; | Slidenjoy has at least one additional monitor attached to the central panel, and the additional monitor shows data; |
| -said extension panel having a housing which supports said means for displaying data; | The additional monitor of Slidenjoy has a body which encompasses the screen which shows data; |
| -means for supplying power to said at least one extension panel; | In the Slidenjoy product, power is supplied to the additional monitor via the central panel; |
| -means for supplying data to said at least one extension panel; | In the Slidenjoy product, data is supplied to the additional monitor; |
| -means for removably attaching said at least one extension panel to said main output panel; and | Slidenjoy shows the monitor can be attached and removed from the central panel; |
| -wherein said means for removably attaching said at least one extension panel is a projection on said at least one extension panel, and a cylinder on said main output panel and | Slidenjoy shows the monitor is attached by an apparently cylinder-shaped device, that being a silver tube |
| -wherein said projection and said cylinder contain complementary electrical connections | The Slidenjoy device shows the monitors obtain data and power from the central unit. |

Pictures showing the infringing product SLIDENJOY are below:



SLIDENJOY infringing product.

31.     Defendants' infringement has caused and is continuing to cause, damage and irreparable injury to Plaintiffs, and Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this court.

32.     Because of the exceptional nature of this case, Plaintiffs are entitled to attorneys' fees and costs under 35 U.S.C. sec. 285 as result of the infringement of the '353 patent by Defendants.

33.     A true and complete copy of the '353 patent is attached as Exhibit A.

## PRAYER FOR RELIEF

WHEREAS, Plaintiffs Jordan respectfully request:

1.     That Judgment be entered that Defendants have infringed the '353 patent, directly and indirectly, by way of inducement or contributory infringement, literally or under the doctrine of equivalents.

2.     That, in accordance with 35 U.S.C. sec. 283, Defendants be preliminary and permanently enjoined from infringing the '353 patent and from making, using, selling,

8

importing, and offering to sell products that infringe the '353 patent, in particular the SLIDENJOY product.

3. An award of damages sufficient to compensate Plaintiffs for Defendants' infringement under 35 U.S.C. sec. 284.

4. Costs and Expenses in this action.

5. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Jordan respectfully demands a trial by jury on all issues raised by this Complaint.

/s/_____

Robert M. DEWITTY
Appearing Pro Hac Vice (pending)
    DeWitty and Associates, Chtd.
    330 Pennsylvania Avenue, S.E.,#302
    Washington, D.C. 20003
    T:  202 380 9609
    F:  202 513 8071
    E:  rmdewitty@dewittyip.com
        admin@dewittyip.com
    Attorneys for Plaintiffs