Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

July 15, 2020

                RE:    Protective Order; Request for Hearing
                         <u>Jordan et al. v. Slidenjoy et al</u>. Case No. 1:19-cv-11868 (PGG)

Dear Judge Gardephe:

      Representatives for Plaintiffs Jordan et al. respectfully provide this letter due to the inability of Plaintiffs and Defendants to agree upon a Protective Order, and to request a hearing on the matter.

BACKGROUND

      Pursuant to the Order following the hearing of July 2, 2020 (Doc. 77), Plaintiffs provided a draft Protective Order to Defendants' Counsel (forwarded July 2, 2020). Following Plaintiffs letter to the Court on July 9, 2020, and the Court's subsequent instruction to the Parties, Defendants counter-proposed a Protective Order, attached herewith (Attachment A).

      In an email response to Defendants counter-proposal, Plaintiffs expressed significant concern with Defendants counter-proposal. Defendants then forwarded and email to Plaintiffs' counsel, expressing a need for a hearing before the Court to address both Party's concerns.

PLAINTIFFS' CONCERNS

      Plaintiffs' concerns, as laid out in its email to Defendants' Counsel, generally relate to the following:

1. Defendants insistence on requiring the status of "Attorney's Eyes Only" being a 'designation', and not a 'request' (thereby not allowing Plaintiffs to dispute the designation to the Court), the statement 'Attorney's Eyes Only' apparently limiting exposure to Plaintiffs' Counsel Mr. DeWitty only and not assistants and other attorneys who work on behalf of Mr. DeWitty (thereby limiting Mr. DeWitty's ability to utilize sufficient human resources to litigate this matter), and the "Confidential" status is sufficient for the documents that will be discovered ("detailed financial information concerning a

privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment. "Internal documents . . . that contain non-public strategies and financial information constitute 'confidential commercial information' ... particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors." *Closed Joint Stock Co. v. Actava TV, Inc.*, 15-CV-8681 (GBD) (BCM) (S.D.N.Y. Mar. 28, 2016)).   The paragraphs relating to "Attorney's Eyes Only" pertain to at least paragraph 2 of Attachment A.


2. A Prosecution Bar to be applied to Mr. DeWitty, and would relate to technology for "the provision of additional screens".  Plaintiffs particularly point out that Defendants infringing product is not currently covered by any patent right in the United States or other country.  Defendants have routinely exhibited their product on the internet and internationally.  Defendants product is subject to on-sale bar provisions with respect to patent rights, and will be considered in the public domain when delivered to the pre-purchasers of Defendants product.  Plaintiffs widespread dissemination of marketing materials, including videos of Defendants' manufacturer, leads the paragraph of a Prosecution Bar against Mr. DeWitty overly burdensome, improper, and unfair ("promotional materials and user manuals routinely given to third parties, such as customers and prospective customers, ought not to be covered by the patent prosecution bar, even if they are designated as AEO." *Novitaz, Inc. v. Shopkick, Inc.*, 3:13 CV 1613 (JBA) at 3 (D. Conn. Aug. 6, 2014)).  Paragraph 18 relates to the Prosecution Bar.


3. Requirement to sign a Non-Disclosure Agreement.  Plaintiffs Counsel steadfastly refuses to sign a non-disclosure agreement, attached with Defendants draft.  Plaintiffs Counsel is uncertain why he is being requested to sign such an agreement as a per-requisite to obtain the necessary documents needed to litigate on his clients behalf.  Such agreement lacks any requisite consideration, necessary in any contractual arrangement.

Whereas Defendants have stated their modifications were offered to address potential future litigation, Defendants have not provided any evidence or explanation as to how information from the present case could impact future litigation.

Plaintiffs herewith provide suggested Protective Order (Attachment B), and request a hearing on the above matter.

Respectfully Yours,

_____/s/_____

Robert DeWitty.

Counsel for Plaintiffs Jordan et al.