July 16, 2020

Via EM/ECF Filing

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

        RE:    Proposed Settlement Conference
                      *Jordan et al. v. Slidenjoy et al.* Case No. 1:19-cv-11868 (PGG)

Dear Judge Gardephe:

      My apologies for the letter writing campaign however Plaintiffs' Counsel has yet again told me one thing and done another.

      Plaintiffs' Counsel and I traded emails yesterday (attached here to as Exhibit A) whereby it was agreed that I would inform the Court of the Parties' positions on mediation and the protective order consistent with the Court's Order dated July 13, 2020.

      Which letter we submitted yesterday at 3:52 PM as agreed.

      Unbeknownst to me, and instead, after my letter Plaintiffs' Counsel filed another letter at letter at 6:01 PM in what amounts to a letter brief about the very issues we need to discuss with the Court and perhaps confirm a motion schedule should one be necessary.

      In light of the large amount of unnecessary litigation in this matter to date Defendants have been seeking ways to limit use of the Court's time and resources.  However, given Plaintiffs' Counsel letter Defendants once again must reply with another letter to correct and clarify the record.

      Initially, the Defendants seek the Court's guidance regarding the Protective Order because Plaintiffs' Counsel specifically intends to file another action against the Defendants and requested that our Firm accept service for same via email dated July 8, 2020, (see Exhibit B attached hereto).

      Via discovery demands served prior to the Court's Rule 16 hearing Plaintiffs' Counsel has requested business and technical information of a proprietary nature.  It is clear that any proprietary information learned by Plaintiffs' Counsel in this case will be applicable in the case to be filed by Plaintiffs' Counsel which information will not subject to the Protective Order in this case.  As such Defendants are considering filing a motion to disqualify Plaintiffs' Counsel.

      Traditionally, Federal Courts sitting in New York have generally identified two bases on which an attorney could be disqualified: "(1) where an attorney's conflict of interests ... undermines the court's confidence in the vigor of the attorney's representation of his client, ... or

more commonly **(2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation ... thus giving his present client an unfair advantage**." *Misness v. Ahuja,* 762 F. Supp. 2d 465, 478–79 (E.D.N.Y. 2010) ); *see also Tradewinds Airlines, Inc. v. Soros,* No. 08–cv–5901, 2009 WL 1321695, *4 (S.D.N.Y. May 12, 2009) (emphasis added).

  As previously stated, Defendants wish to avoid unnecessary litigation, hence our request for the Court's guidance via conference call regarding the Protective Order.  It is the Defendants preference that, through and with the Court's guidance, the Parties agree to a Protective Order that will both protect the Defendants proprietary information from being used outside this matter and be compliant New York Code of Professional Responsibility Rule 1.8.

  We await your guidance and direction on this issue.

            Respectfully Submitted,

             /ALM/
            Anthony L. Meola, Esq.
            *Counsel for Defendants*
            SCHMEISER, OLSEN & WATTS, LLP
            3 Manhattanville Road, Suite 105
            Purchase, NY 10577