| | |
|---|---|
| **From:** | Anthony Meola |
| **To:** | Robert DeWitty |
| **Cc:** | Alexandra Scoville; Russhell Ford; Christine Corrigan |
| **Subject:** | Re: Slidenjoy Proposed Protective Order |
| **Date:** | Wednesday, July 15, 2020 11:04:54 AM |

Fair enough.  We will send the court a letter today.

**Anthony L. Meola,***Partner*



3 Manhattanville Road•Suite 105•Purchase, New York 10577
O: (914) 825-1039•F: (866) 865-8362
E: ameola@iplawusa.com  • **www.iplawusa.com**

This message contains information intended only for the use of the addressee(s) named above and may contain information that is legally privileged.  This e-mail is covered by the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If you are not the addressee, or the person responsible for delivering it to the addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited.  If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter.  Thank you.
ATTORNEY-CLIENT, COMMUNITY OF INTEREST PRIVILEGE AND/OR WORK PRODUCT PRIVILEGED COMMUNICATION

Depending upon the recipient, this communication may be protected by the attorney-client, community of interest privilege and/or the work product privilege and should be treated in a confidential manner.  Any disclosure to other than key management personnel on a need-to-know basis may jeopardize the privilege and require disclosure to adverse parties in litigation.

> On Jul 15, 2020, at 10:49 AM, Robert DeWitty <rmdewitty@dewittyip.com> wrote:
>
> Mr. Meola-
>
> I believe your team should prepare such a Joint Letter as you are proposing such significant modifications to the Court's Standard letter, and thus you are requesting the Motion.
>
> If I don't receive a letter by, say 3p today, I will prepare a letter for the Court on Defendants' behalf and file accordingly by COB today.
>
> Further, Plaintiffs have already informed the Court, in writing, that we would participate in mediation.   I believe it is up to Defendants' to inform the Court of their intention.

Yours,

Robert DeWitty.

On Wed, Jul 15, 2020 at 9:36 AM Anthony Meola <ameola@iplawusa.com> wrote:

> Robert
>
> We disagree with you regarding a number of your comments below.
>
> There is proprietary information of both a technical and business nature that we seek to restrict to the Attorney's eyes only designation and for use in this case and only this case.
>
> We do not see how you can have access to such information in this case and not use it in your class action matter.
>
> I suggest we seek guidance from the Court on this issue.
>
> Regarding the mediation we will agree to mediation.
>
> Please prepare a joint letter consistent with this email for our review. Please ask the Court for a hearing to discuss the Protective Order.
>
> **Anthony L. Meola,** *Partner*
>
> **<image001.jpg>**
>
> 3 Manhattanville Road•Suite 105•Purchase, New York 10577
> O: (914) 825-1039•F: (866) 865-8362
> E: ameola@iplawusa.com   •   **www.iplawusa.com**

This message contains information intended only for the use of the addressee(s) named above and may contain information that is legally privileged.  This e-mail is covered by the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If you are not the addressee, or the person responsible for delivering it to the addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited.  If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter.  Thank you.

ATTORNEY-CLIENT, COMMUNITY OF INTEREST PRIVILEGE AND/OR WORK PRODUCT PRIVILEGED COMMUNICATION

Depending upon the recipient, this communication may be protected by the attorney-client, community of interest privilege and/or the work product privilege and should be treated in a confidential manner. Any disclosure to other than key management personnel on a need-to-know basis may jeopardize the privilege and require disclosure to adverse parties in litigation.

**From:** Robert DeWitty <rmdewitty@dewittyip.com>
**Sent:** Tuesday, July 14, 2020 5:49 PM
**To:** Alexandra Scoville <ascoville@iplawusa.com>; Russhell Ford <rford@dewittyip.com>
**Cc:** Anthony Meola <ameola@iplawusa.com>; Christine Corrigan <ccorrigan@iplawusa.com>
**Subject:** Re: Slidenjoy Proposed Protective Order

Hello-

I should note the following:

1. Your client possesses no intellectual property over their product.

2. Your clients' product is not protectible by any form of patent protection, under at least the on-sale bar.

3  "Attorney's Eyes Only" must be extended to other members of my staff, as well as other attorneys who work with me and may aid in the proceeding. This unfairly limits my ability to prosecute our case by limiting the members on my team. I should note that your firm has at least 3 individuals working on this case.

4. While we will use the material gathered in this instant case for the instant case, in a subsequent case, such as in a class action, we may re-discovery the

material and use it in that case.

5. Paragraph serve to limit my personal ability to prosecute cases in the field of multi-screen technology. As stated, your clients product, when released, will be subject to legal reverse engineering techniques.

Based on the above, my mark-ups, at least, are below:

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action designate documents as "Attorney's Eyes Only" upon making a good faith determination that the documents should be protected from disclosure as trade secrets or other highly sensitive business information. In making such designation, the disclosing Party(ies) shall serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request~~designation.~~ If the Parties cannot reach agreement promptly regarding the designation, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices. ~~The following categories of persons may be allowed to review documents that have been designated "Attorney's Eyes Only:" (a) Counsel of Record; (b) The Court and its personnel; (c) Court Reporters and Recorders; (d) any person who authored or created the designated document, and any person who has previously seen or was previously aware of the designated document; (e) Consultants, Investigators, and Experts, only after such persons have signed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms; and (f) others by written consent of the designating Party.~~

[Attorney's Eyes Only is too strong a designation for a product that will be subject to reverse engineering upon its release, whereby designation is made by Defendants' counsel]

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action captioned above and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. ~~Recipients of Confidential Discovery Material under this Order may not use such material in any way in any other action or dispute, even if such other action or dispute involves on or more Parties to this action captioned above.~~ Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Prosecution Bar. No individual who has in fact accessed any documents or things designated "Attorney's Eyes Only" under this Order may be involved in the preparation or prosecution before the United States Patent and Trademark Office or any foreign patent office of any patent, patent application, or draft or revise patent claims, supervise, or assist in the preparation or prosecution of any patent application involving the provision of additional screens for any party to this action, for a period ending one (1) year after (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims against the producing party in this action; or (iii) the individual person(s) cease to represent the receiving party or respective client in this case. Prohibited prosecution shall include without limitation: the decision regarding whether the file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reissue, substitute, renewal or convention patent applications, claim drafting, or the drafting of any such documents to be filed with the United States Patent and Trademark Office of any foreign patent office.

[Your clients' product is essentially 'publicly available' and is thus available for any in the public to use. This is the result of it being subject to on-sale bar more than 1 year before securing patent protection. This paragraph seeks to broaden the product to multi-screens *in totale*. Further, it limits my ability, as well as Plaintiffs' ability, to pursue further inventions in this field. In essence, your clients' are attempting to 'claw back' what has been put into the public domain, at least as it pertains to me, personally a patent attorney, and my client].

=================

It appears as though there are significant differences in how we view materials and discovery going forward. We have no intention of using documents discovered in one case, in another. In fact, we view both potential lawsuits as being separate and distinct. Your modifications do not shed light on how we would use information, such as schematics, in another action outside of patent infringement.

I hope we are able to come to agreement with the above. If not, we will likely have to submit separate documents before the Judge along with argument relating thereto.

Please let me know how you would like to proceed. As you know, a response is due tomorrow.

Yours,

Robert DeWitty.

On Tue, Jul 14, 2020 at 4:35 PM Alexandra Scoville <ascoville@iplawusa.com> wrote:

> Mr. DeWitty,
>
> Attached, please find our proposed protective order with redline track changes showing our revisions from Judge Gardephe's Model Protective Order. These revisions tailor the protections provided therein to the particular facts of this case and in light of your anticipated class action.
>
> Please let us know whether Plaintiffs agree with the Protective Order.
>
> Thank you,
>
> **Alexandra L. Scoville,** *Associate*
>
> 22 Century Hill Drive •Suite 302 •Latham, NY 12110
> O: (518) 220-1850 •F: (518) 220-1857
> E: ascoville@iplawusa.com  • **www.iplawusa.com**
>
> This message contains information intended only for the use of the addressee(s) named above and may contain information that is legally privileged. This e-mail is covered by the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If you are not the addressee, or the person responsible for delivering it to the addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter. Thank you. ATTORNEY-CLIENT, COMMUNITY OF INTEREST PRIVILEGE AND/OR WORK PRODUCT PRIVILEGED COMMUNICATION Depending upon the recipient, this communication may be protected by the attorney-client, community of interest privilege and/or the work product privilege and should be treated in a confidential manner. Any disclosure to other than key management personnel on a need-to-know basis

> may jeopardize the privilege and require disclosure to adverse parties in litigation

--

**MEETING TIME REQUEST**



Robert DEWITTY

DeWitty and Associates, Chtd.

330 Pennsylvania Avenue, #302

Washington, D.C. 20003

t- 202 380 9609

e- rmdewitty@dewittyip.com

This message contains information intended only for the use of the addressee(s) named above and may contain information that is legally privileged. This e-mail is covered by the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If you are not the addressee, or the person responsible for delivering it to the addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter. Thank you. ATTORNEY-CLIENT, COMMUNITY OF INTEREST PRIVILEGE AND/OR WORK PRODUCT PRIVILEGED COMMUNICATION Depending upon the recipient, this communication may be protected by the attorney-client, community of interest privilege and/or the work product privilege and should be treated in a confidential manner. Any disclosure to other than key management personnel on a need-to-know basis may jeopardize the privilege and require disclosure to adverse parties in litigation

--
**MEETING TIME REQUEST**



Robert DEWITTY
DeWitty and Associates, Chtd.
330 Pennsylvania Avenue, #302
Washington, D.C. 20003
t- 202 380 9609
e- rmdewitty@dewittyip.com